85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Norberto SALAZAR-URIARTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70626.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1996.*
Decided May 14, 1996.
 
 Before: GIBSON,** NOONAN and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jose Norberto Salazar-Uriarte appeals from the Board of Immigration Appeals' (BIA) refusal to grant him discretionary relief from deportation under section 212(c), 8 U.S.C. § 1182(c). Salazar-Uriarte was found deportable after his conviction for possession of cocaine for distribution. The BIA determined that, although Salazar-Uriarte demonstrated outstanding equities in favor of discretionary relief, relief was not warranted due to the seriousness of his crimes, his minimal showing of rehabilitation, and the unlikelihood he or his family would suffer unusual hardship if he were deported. We have jurisdiction under 8 U.S.C. § 1105a, and we deny review.
 
 FACTS
 
 3
 In May 1992, Salazar-Uriarte was convicted of possession of cocaine for distribution, in violation of California Health & Safety Code Section 11351. He was sentenced to one year in prison and to five years probation. As a result of the conviction, in October 1993, the Immigration and Naturalization Service (INS) issued an Order to Show Cause (OSC) to Salazar-Uriarte. The OSC alleged Salazar-Uriarte was subject to deportation based on his conviction for a controlled substance offense and for an aggravated felony. 8 U.S.C. §§ 1251(2)(A)(iii), 1251(2)(B)(i).
 
 
 4
 In a hearing before an Immigration Judge (IJ), Salazar-Uriarte conceded he was subject to deportation, but sought discretionary relief under section 212(c). The IJ determined that the factors warranting relief did not weigh in Salazar-Uriarte's favor and declined to grant discretionary relief.
 
 
 5
 After Salazar-Uriarte appealed, the BIA also determined the factors did not weigh in favor of relief and declined to grant discretionary relief. Salazar-Uriarte now petitions this court for review.
 
 DISCUSSION
 A. Standard of Review
 
 6
 Because the BIA conducted a de novo review of the record and made an independent judgment about whether discretionary relief was appropriate, we review only the BIA's decision. Paredes-Urrestarazu v. INS, 36 F.3d 801, 807 (9th Cir.1994); Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the BIA's factual findings under the substantial evidence standard, and we review the BIA's balancing of the factors under section 212(c) for an abuse of discretion. Paredes-Urrestarazu, 36 F.3d at 807. We will set aside the BIA's balancing determination only if the BIA "fail[ed] to support its conclusions with a reasoned explanation based upon legitimate concerns." Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987).
 
 B. Section 212(c) Relief
 
 7
 Under section 212(c), the Attorney General has discretion to grant relief from deportation to lawful permanent residents who have resided in the United States for seven consecutive years. 8 U.S.C. § 1182(c); Paredes-Urrestarazu v. INS, 36 F.3d 801, 806 (9th Cir.1994). The parties do not dispute that Salazar-Uriarte was lawfully admitted as a permanent resident, that he satisfies the seven-year residency requirement, and that he is subject to deportation. Salazar-Uriarte contends the BIA erred in balancing the factors to determine whether to grant discretionary relief from deportation.
 
 
 8
 In determining whether to grant discretionary relief under section 212(c), the BIA must "tak[e] into account the social and humane considerations presented in an applicant's favor and balanc[e] them against the adverse factors that evidence the applicant's undesirability as a permanent resident." Paredes-Urrestarazu, 36 F.3d at 806 (quotation omitted). The factors favoring discretionary relief include:
 
 
 9
 (1) family ties within the United States; (2) residence of long duration in this country (particularly when residence began at a young age); (3) hardship to the petitioner or petitioner's family if relief is not [granted]; (4) service in the United States armed forces; (5) a history of employment; (6) the existence of business or property ties; (7) evidence of value and service to the community; (8) proof of rehabilitation if a criminal record exists; [and] (9) other evidence attesting to good character.
 
 
 10
 Id. (quotation omitted). Weighing against discretionary relief are:
 
 
 11
 (1) the nature and underlying circumstances of the ... deportation ground at issue; (2) additional violations of the immigration laws; (3) the existence, seriousness, and recency of any criminal record; [and] (4) other evidence of bad character or the undesirability of the applicant as a permanent resident.
 
 
 12
 Id. (quotation omitted).
 
 
 13
 If the petitioner has been convicted of a "serious crime" or has engaged in a "pattern of misconduct," the petitioner may need to demonstrate "unusual or outstanding equities" and ordinarily must present evidence of rehabilitation to obtain discretionary relief. Id. at 806-07. "However, there are cases in which the adverse considerations are so serious that a favorable exercise [of discretion] is not warranted even in the face of unusual or outstanding equities." Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993).
 
 
 14
 The evidence presented before the BIA showed that in December 1978, Salazar-Uriarte entered the United States as a lawful permanent resident and has resided in this country since that time. He has been married for twenty years to a lawful permanent resident and has four children lawfully living in this country, two of whom are United States citizens. He has been regularly employed since entering the United States and owns a home in this country.
 
 
 15
 Beyond his conviction for possessing cocaine for distribution, which is the basis for his deportation, Salazar-Uriarte has two convictions for driving while intoxicated. After his release from imprisonment on the cocaine conviction, he violated his parole by using cocaine in 1993. As a result, he was sentenced to six months in prison.
 
 
 16
 Salazar-Uriarte admitted he began selling cocaine in 1979, and sold cocaine in 1992 to make more money. He currently is not participating in any rehabilitation program, but he does speak daily with his probation officer and has tested negative for drug use on at least two occasions.
 
 
 17
 The BIA determined that Salazar-Uriarte had demonstrated unusual or outstanding equities based on his significant family ties, property ownership, and stable employment history. The BIA also noted his extensive length of residency within the United States. The BIA, however, gave less weight to this factor because, of the fifteen years in which he has resided in the United States, he has spent fourteen of those years illegally possessing and using cocaine.
 
 
 18
 Even though Salazar-Uriarte demonstrated outstanding equities, the BIA determined discretionary relief was not warranted because the negative factors outweighed the equities. The BIA determined that Salazar-Uriarte's conviction for possession of cocaine for distribution and his parole violation for using cocaine were serious crimes. The BIA reasoned that his convictions are recent and that he was a habitual cocaine user, sold cocaine for financial gain, and violated his parole by using cocaine after being released from prison.
 
 
 19
 The BIA found the evidence of rehabilitation to be "minimal." The BIA acknowledged that Salazar-Uriarte has recently tested negative for drug use, but gave this little weight due to Salazar-Uriarte's recidivist behavior, his serious and lengthy drug dependency, and his choice not to participate in any rehabilitation programs beyond those mandated by the state courts.
 
 
 20
 The BIA further found that Salazar-Uriarte and his family would not suffer unusual hardship if he were deported to Mexico. The BIA noted his family managed to take care of themselves and to pay the mortgage while Salazar-Uriarte was imprisoned. Further, the BIA found that Salazar-Uriarte had maintained ties to Mexico and had travelled to Mexico on a "regular basis."
 
 
 21
 The BIA carefully reviewed the relevant factors and gave a reasonable explanation for its denial of relief. The BIA correctly noted the seriousness of the crimes and reasonably determined that the threat posed by the habitual use and sale of cocaine outweighed the equities presented. We conclude the BIA did not abuse its discretion in denying section 212(c) relief. Accordingly, Salazar-Uriarte's petition for review is
 
 
 22
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3